Patrick W. Kelly, Bar No. 274588
pkelly@swlaw.com
SNELL & WILMER L.L.P.
350 South Grand Avenue
Suite 2600
Two California Plaza
Los Angeles, California  90071
Telephone:   213.929.2500
Facsimile:   213.929.2525

Attorneys for Plaintiffs
Y.M.I Jeanswear, Inc. and IMY, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Y.M.I JEANSWEAR, INC., a California corporation; and<br>IMY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NEXST CALIFORNIA, INC., a California corporation,<br><br>Defendant. | Case No. 2:16-CV-8862<br><br>**Complaint for:**<br><br>**(1) Trademark Infringement;**<br><br>**(2) False Designation of Origin;**<br><br>**(3) Common Law Trademark Infringement;**<br><br>**(4) Copyright Infringement; and**<br><br>**(5) Violation of California Business & Professions Code §§ 17200, et seq.**<br><br>**Demand for Jury Trial** |

SNELL & WILMER
—— L.L.P. ——
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Plaintiffs Y.M.I Jeanswear, Inc. and IMY, LLC ("Plaintiffs") allege as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Lanham Act, 15 U.S.C. §§1114 and 1125(a), and for trademark infringement, passing off, and unfair competition under the common law and the laws of the state of California.

2.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.  This Court has supplemental subject matter jurisdiction over Plaintiffs' remaining state law and common law claims under 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over defendant Nexst California, Inc. ("Nexst") as it is incorporated in California and conducts business in California.

4.      Venue is proper in this district under 28 U.S.C. §1391(b), (c), and (d) because Nexst's offices are located in this district, it conducts a substantial amount of business in this district, and a substantial amount of the events or omissions giving rise to Plaintiffs' claim occurred in this district.

## PARTIES

5.      Plaintiff Y.M.I Jeanswear, Inc. ("Y.M.I") is a California corporation with its principal place of business at 1155 South Boyle Avenue, Los Angeles, California 90023.

6.      Plaintiff IMY, LLC ("IMY") is a limited liability company organized and existing under the laws of the state of California with its principal place of business at 1155 South Boyle Avenue, Los Angeles, California 90023.

7.      Plaintiffs are informed and believe and thereupon allege that defendant Nexst is a California corporation with its principal place of business at 11135 E. Rush Street, #I, S. El Monte, California 91733.

8.      IMY is the assigned owner of the trademark and copyright rights

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   discussed herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.    Y.M.I is a well-known clothing company in this district and various other districts and is known in the clothing marketplace as "YMI". Y.M.I is the primary licensee of all the trademark rights and copyright rights discussed herein.

10.    At least as early as 2012, Y.M.I began marketing its clothing with distinctive illustrations, consisting of several trademarks. These marks include, without limitation, the following:

| Mark | Description |
|---|---|
| | Illustrated side profile of girl ("Full Body Mark") |
| | Illustrated side profile of bottoms ("Bottoms Mark") |

25280733

11.   As a result of extensive advertising and promotion, the Full Body Mark and Bottoms Mark have acquired significant value and have become distinctive and well-known to the consuming public and the trade as identifying and distinguishing Plaintiffs' goods and services.

12.   On information and belief, Plaintiffs' rights in the Full Body Mark and Bottoms Mark were established before any date of first use on which Nexst may rely.

13.   IMY registered for and received copyright registration certificate VA 1-945-633 for an adhesive label featuring the Full Body Mark (the "Adhesive Label").  IMY is the owner of the copyright registration certificate VA 1-945-633 for the Adhesive Label.  The Adhesive Label contains materials wholly original to IMY and is copyrightable subject matter under the laws of the United States.  A true and correct copy of copyright certificate VA 1-945-633 for the Adhesive Label is attached as Exhibit A and fully incorporated by this reference.

14.   IMY registered for and received copyright registration certificate VA 1-945-631 for a hang tag featuring the Bottoms Mark (the "Hang Tag").  IMY is the owner of the copyright registration certificate VA 1-945-631 for the Hang Tag. The Hang Tag contains materials wholly original to IMY and is copyrightable subject matter under the laws of the United States.  A true and correct copy of copyright certificate VA 1-945-631 for the Hang Tag is attached as Exhibit B and fully incorporated by this reference.

15.   At least as early as 2012, Y.M.I began marketing clothing with distinctive, protectable elements, including a very unique and recognizable combination and placement of stitching and pocket designs on the back side of the bottoms, together and individually (the "Back Pocket Design Mark").  The Back Pocket Design Mark is registered with the United States Patent & Trademark Office at Registration No. 4,919,701.  A true and correct copy of Registration No. 4,919,701 is attached as Exhibit C and fully incorporated by this reference.

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16. The elements of the Back Pocket Design Mark are non-functional and non-essential to the purpose of the clothing. The Back Pocket Design Mark provides no utilitarian advantage as the unique combination and placement of noticeable stitching and the configuration and stitching of the pockets provide a unique appearance that is distinctive and protectable as a trademark.

17. At least as early as 2012, Y.M.I began marketing clothing with distinctive, protectable elements, including a very unique and recognizable combination and placement of stitching and pocket design on the front side of the bottoms, together and individually (the "Coin Pocket Design Mark"). The Coin Pocket Design Mark is registered with the United States Patent & Trademark Office at Registration No. 4,815,035. A true and correct copy of Registration No. 4,815,035 is attached as Exhibit D and fully incorporated by this reference.

18. The elements of the Coin Pocket Design Mark are non-functional and non-essential to the purpose of the clothing. The Coin Pocket Design Mark provides no utilitarian advantage as the unique combination and placement of noticeable stitching and the configuration and stitching of the pockets provide a unique appearance that is distinctive and protectable as a trademark.

19. In addition to being distinctive, in light of Y.M.I.'s years of continuous use of the unique features of the Back Pocket Design Mark, Coin Pocket Design Mark, as well as the Adhesive Label and Hang Tag, consumers associate the combination of features with Y.M.I. Y.M.I has developed a substantial amount of goodwill in the Back Pocket Design Mark, Coin Pocket Design Mark, and the Adhesive Label and Hang Tag.

20. The Back Pocket Design Mark, Coin Pocket Design Mark, Full Body Mark, and Bottoms Mark (collectively, the "Subject Marks") have also acquired secondary meaning through, among other things, Y.M.I.'s sales, advertising, and promotional efforts.

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

21.     The Subject Marks acquired secondary meaning prior to Nexst's introduction of a competing product.

22.     Nexst is marketing and selling bottoms consisting of the Subject Marks.  Nexst's bottoms are also sold with an adhesive label similar to Plaintiffs' Adhesive Label and Hang Tag.  Plaintiffs are informed and believe that Nexst is trying to pass off its bottoms as those of Plaintiffs and trade off Plaintiffs' goodwill. True and correct copies of pictures, as examples of Nexst's infringing bottoms, are attached as Exhibit E and fully incorporated by this reference.

23.     Nexst also sells the subject goods through the same or similar channels as Y.M.I sells its goods.

24.     Nexst's goods, which feature the Subject Marks, are such that prospective purchasers or consumers of the goods of Nexst and the goods of Plaintiffs are likely to be confused as to the source of the goods.

25.     Nexst's use of the Subject Marks in commerce in connection with its products is causing and is likely to cause confusion, deception, and mistake in the minds of the public with respect to the origin and source of the products.

26.     Plaintiffs are informed and believe that Nexst deliberately misappropriated the Subject Marks in order to trade upon the goodwill that the Subject Marks have developed in connection therewith, and to lead customers to believe that Plaintiffs are the source of such products and services, which in fact do not originate with Plaintiffs and are not sponsored by, or affiliated with Plaintiffs. Nexst intentionally and knowingly misappropriated Plaintiffs' Subject Marks.

27.     On August 29, 2016, Plaintiffs sent Nexst a letter informing Nexst that its products were infringing the Subject Marks.  But Nexst failed to respond to the letter and continues to use the Subject Marks or marks confusingly similar to the Subject Marks.

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114 – Against Nexst)

28.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 27, inclusive.

29.   At least as early as 2012, Plaintiffs have continuously used the Subject Marks to identify their goods and to distinguish them from those made and sold by others.

30.   Nexst's continued and unauthorized use of the Subject Marks in connection with the sale of its bottoms constitutes trademark infringement under 15 U.S.C. §1114.

31.   Nexst's acts of trademark infringement and unfair competition, as alleged above, were committed with the knowledge that the Subject Marks were intended to be used to cause confusion, mistake and to deceive.

32.   Nexst's wrongful use in commerce of the Subject Marks is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Nexst's products and services and (ii) to deceive purchasers of such products into believing that Plaintiffs control the quality thereof and endorse the same.

33.   By reason of Nexst's acts, Plaintiffs suffered and continue to suffer damage to their business, reputation, and goodwill, and the loss of sales and profits Plaintiffs would have made but for Nexst's acts, in an amount to be proven at the time of trial.

34.   Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover Nexst's profits, any damages sustained by Plaintiffs, and the cost of the action, including but not limited to reasonable attorneys' fees, as a result of Nexst's acts of infringement against Plaintiffs' Subject Marks.

35.   Nexst has continued to engage in the acts complained of herein after Plaintiffs alerted Nexst to its infringement, and unless restrained and enjoined,

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Nexst may continue to do so, all to Plaintiffs' irreparable harm. It would be difficult to ascertain the amount of compensation which would afford Plaintiffs adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate them for the injuries threatened.

## SECOND CLAIM FOR RELIEF

### (Violation of Lanham Act by Use of False Designation in Interstate Commerce –Against Nexst)

36.    Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 35, inclusive.

37.    Nexst caused goods to enter into interstate commerce identified by Plaintiffs' Subject Marks. Nexst's use of the Subject Marks was a false designation of origin which was likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Nexst's goods with Plaintiffs and as to the origin, sponsorship, or approval of Nexst's goods and Plaintiffs' related goods.

38.    Nexst's acts, as alleged above, were in violation of 15 U.S.C. §1125(a), because Nexst used in connection with its goods a false designation of origin, a false or misleading description and representation of fact which was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Nexst's goods with Plaintiffs and as to the origin, sponsorship, or approval of Nexst's goods and Plaintiffs' related goods.

39.    By reason of Nexst's acts, Plaintiffs suffered and continue to suffer damage to their business, reputation, and goodwill, and the loss of sales and profits Plaintiffs would have made but for Nexst's acts, in an amount to be proven at the time of trial.

40.    Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover Nexst's profits, any damages sustained by Plaintiffs, and the cost of the action, including

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

but not limited to reasonable attorneys' fees, as a result of Nexst's acts of infringement against Plaintiffs' Subject Marks.

41.   Nexst has continued to engage in the acts complained of herein after Plaintiffs alerted Nexst to its infringement, and unless restrained and enjoined, Nexst may continue to do so, all to Plaintiffs' irreparable harm.  It would be difficult to ascertain the amount of compensation which would afford Plaintiffs adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiffs' remedy at law is not adequate to compensate them for the injuries threatened.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement – Against Nexst)

42.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 41, inclusive.

43.   Plaintiffs own and have superior rights in and to the Subject Marks.

44.   Plaintiffs have continuously and extensively used the Subject Marks since as early as 2012 in connection with its bottoms, and have not abandoned the marks.

45.   By virtue of its willful disregard for Plaintiffs' trademark rights, and its knowing and intentional misrepresentations, Nexst's conduct, as described above, misleads the public as to the nature, source and/or origin of its goods so as to create a likelihood of confusion as to the nature, source, or sponsorship of Nexst's goods.

46.   Nexst's conduct wrongfully tarnishes the goodwill symbolized by the Subject Marks.

47.   By reason of Nexst's acts, Plaintiffs suffered and continue to suffer damage to their business, reputation, and goodwill, and the loss of sales and profits Plaintiffs would have made but for Nexst's acts, in an amount to be proven at the time of trial.

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

48.     Nexst has continued to engage in the acts complained of herein after Plaintiffs alerted Nexst to its infringement, and unless restrained and enjoined, Nexst may continue to do so, all to Plaintiffs' irreparable harm.  It would be difficult to ascertain the amount of compensation which would afford Plaintiffs adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiffs' remedy at law is not adequate to compensate them for the injuries threatened.

## FOURTH CLAIM FOR RELIEF

### (Federal Copyright Infringement – Against Nexst)

49.     Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 48, inclusive.

50.     Plaintiffs own valid and enforceable copyrights for the Adhesive Label and Hang Tag, which are protected by copyright registration certificates VA 1-945-633 and VA 1-945-631, respectively.

51.     Nexst infringed on the Adhesive Label and Hang Tag by offering for sale and selling goods bearing the Adhesive Label or Hang Tag, or adhesive labels and hang tags substantially similar to the Adhesive Label and Hang Tag, within the United States without Plaintiffs' consent.

52.     Nexst, by virtue of the above acts, has taken advantage of the knowledge, skill and goodwill developed by Plaintiffs in the Adhesive Label and Hang Tag and has capitalized upon the market created by Plaintiffs for their copyright designs.

53.     Nexst's conduct violates the exclusive rights belonging to Plaintiffs as owners of the copyrights in the Adhesive Label and Hang Tag, including without limitation Plaintiffs' rights under 17 U.S.C. § 106.

54.     Nexst's acts of copyright infringement have caused Plaintiffs to suffer, and to continue to suffer, substantial damage to their business in the form of

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

SNELL & WILMER

ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   diversion of trade, loss of income and profits, and a dilution of the value of their

2   rights.

3       55.     As a direct and proximate result of its wrongful conduct, Nexst has

4   realized and continues to realize profits and other benefits rightfully belonging to

5   Plaintiffs.  Accordingly, Plaintiffs seek an award of damages under 17 U.S.C.

6   §§ 504 and 505.

7       56.     Nexst has continued to engage in the acts complained of herein after

8   Plaintiffs alerted Nexst to its infringement, and unless restrained and enjoined,

9   Nexst may continue to do so, all to Plaintiffs' irreparable harm.  It would be

10  difficult to ascertain the amount of compensation which would afford Plaintiffs

11  adequate relief from such continuing acts, and a multiplicity of judicial proceedings

12  would be required.  Plaintiffs' remedy at law is not adequate to compensate them

13  for the injuries threatened.

14      57.     Nexst has willfully engaged in, and is willfully engaging in, the acts

15  complained of with oppression, fraud, and malice, and in conscious disregard of the

16  rights of Plaintiffs.  Plaintiffs are, therefore, entitled to the maximum statutory

17  damages allowable pursuant to 17 U.S.C. §§ 504 and 505.

18                    **FIFTH CLAIM FOR RELIEF**

19          **(Violation of California Business & Professions**

20          **Code §§ 17200, *et seq.* – Against Nexst)**

21      58.     Plaintiffs reallege and incorporate by reference as though fully set

22  forth herein the allegations contained in Paragraphs 1 through 57, inclusive.

23      59.     California Business & Professions Code section 17200, *et seq.*

24  prohibits unfair competition, which includes unlawful business acts or practices.

25      60.     Nexst's conduct, as described above, constitutes acts of unlawful and

26  unfair competition in violation of California Business & Professions Code section

27  17200 by, among other things, willfully infringing the Subject Marks and the

28  copyrights for the Adhesive Label and Hang Tag.

61.     As a direct and proximate result of Nexst's wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and irreparable damage to their business reputation and goodwill.  Plaintiffs have no adequate remedy at law to rectify the injuries and harm to them proximately caused by these unlawful acts. Nexst will continue, unless restrained, to use Plaintiffs' Subject Marks and will cause irreparable injury to Plaintiffs.  Plaintiffs, therefore, seek injunctive relief, enjoining Nexst, its officers, agents and employees, and all persons acting in concert with them from engaging in further acts of unfair competition.

62.     As a direct and proximate result of Nexst's wrongful conduct as described herein, Nexst has gained revenues and other amounts properly belonging to Plaintiffs and Plaintiffs seek restitution of those amounts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

**On the First and Second Claims for Relief:**

1.     That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Nexst and its agents, servants, and employees from further acts of unfair competition or infringement, including, without limitation, directly or indirectly using the Subject Marks, or any other mark, design, or stitching similar to the Subject Marks;

2.     In furtherance of the injunction, that Nexst deliver to Plaintiffs for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the Subject Marks or any other trademarks confusingly similar to Plaintiffs' Subject Marks;

3.     In furtherance of the injunction, Plaintiffs request that this Court permanently enjoin Nexst from:

a.     Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to the Subject Marks;

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

b.      Offering for sale, soliciting sales, advertising, or selling any clothing in any medium, under any mark, name, symbol, logo, or other indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Nexst's products or services originate from Plaintiffs, or that Nexst or its agents are authorized by Plaintiffs or are endorsed by Plaintiffs or are sponsored by Plaintiffs, or are connected in some way with Plaintiffs; and

c.      Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair methods of competition with Plaintiffs and from otherwise interfering with, or injuring Plaintiffs' Subject Marks or the goodwill associated therewith;

4.      That Nexst be required to account to Plaintiffs for any and all profits and other gains derived by Nexst from the use of the Subject Marks;

5.      That the Court award Plaintiffs treble the amount of actual damages suffered by them;

6.      That the Court award Plaintiffs the amount of actual damages suffered by them in an amount to be proven at trial, if the Court for any reason does not award Plaintiffs treble the amount of actual damages suffered by them; and

7.      That the Court determine that this is an exceptional case, pursuant to 15 U.S.C. § 1117, and therefore, award Plaintiffs' attorneys' fees and costs in this action.

**On the Third Claim for Relief:**

1.      That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Nexst and its agents, servants, and employees from further acts of unfair competition or infringement, including, without limitation, directly or indirectly using the Subject Marks, or any other mark, design, or stitching similar to the Subject Marks;

2.      In furtherance of the injunction, that Nexst deliver to Plaintiffs for

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

destruction all signs, products, advertisements, literature, and any other promotional material, which feature the Subject Marks or any other trademarks confusingly similar to Plaintiffs' Subject Marks;

3.      In furtherance of the injunction, Plaintiffs request that this Court permanently enjoin Nexst from:

a.      Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to the Subject Marks;

b.      Offering for sale, soliciting sales, advertising, or selling any clothing in any medium, under any mark, name, symbol, logo, or other indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Nexst's products or services originate from Plaintiffs, or that Nexst or its agents are authorized by Plaintiffs or are endorsed by Plaintiffs or are sponsored by Plaintiffs, or are connected in some way with Plaintiffs; and

c.      Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair methods of competition with Plaintiffs and from otherwise interfering with, or injuring Plaintiffs' Subject Marks or the goodwill associated therewith;

4.      That Nexst be required to account to Plaintiffs for any and all profits and other gains derived by Nexst from the use of the Subject Marks; and

5.      That the Court award Plaintiffs the amount of actual damages suffered by them in an amount to be proven at trial.

**On the Fourth Claim for Relief:**

1.      That the Court order an injunction restraining Nexst, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with Nexst from copying and selling any apparel containing Plaintiffs' copyrighted material and art, including but not limited to the Adhesive Label and

Hang Tag, without consent or otherwise infringing Plaintiffs' copyrights or other rights in any manner;

2.      Awarding Plaintiffs all profits of Nexst, and each of them, plus all losses of Plaintiffs, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages in the amount of at least $150,000 per infringement, as available under the Copyright Act, 17 U.S.C. § 101 *et. seq.*; and

3.      Awarding Plaintiffs their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505.

**On the Fifth Claim for Relief:**

1.      That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Nexst and its agents, servants, and employees from further acts of unfair competition or infringement, including, without limitation, directly or indirectly using the Subject Marks or the Adhesive Label or Hang Tag, or any other mark, design, symbol, or stitching similar to the Subject Marks, Adhesive Label, or Hang Tag;

2.      In furtherance of the injunction, that Nexst deliver to Plaintiffs for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the Subject Marks, Adhesive Label, or Hang Tag, or any other mark, design, symbol, or stitching similar to the Subject Marks, Adhesive Label, or Hang Tag;

3.      In furtherance of the injunction, Plaintiffs request that this Court permanently enjoin Nexst from:

a.      Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to the Subject Marks, Adhesive Label, or Hang Tag;

b.      Offering for sale, soliciting sales, advertising, or selling any clothing in any medium, under any mark, name, symbol, logo, or other

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Nexst's products or services originate from Plaintiffs, or that Nexst or its agents are authorized by Plaintiffs or are endorsed by Plaintiffs or are sponsored by Plaintiffs, or are connected in some way with Plaintiffs; and

        c.     Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair methods of competition with Plaintiffs and from otherwise interfering with, or injuring Plaintiffs' Subject Marks, Adhesive Label, or Hang Tag, or the goodwill associated therewith; and

4.     That the Court award restitution to Plaintiffs for Nexst's wrongful conduct pursuant to Cal. Bus. & Prof. Code § 17203.

**On Each and Every Claim for Relief:**

1.     For such other preliminary, provisional, and permanent injunctive relief or order for specific performance as may be necessary to restrain Nexst from further acts in violation of Plaintiffs' legal rights; and

2.     For such other relief as this Court may deem necessary or appropriate.

Dated:     November 30, 2016     SNELL & WILMER L.L.P.

By:/s/ Patrick W. Kelly
     Patrick W. Kelly

Attorneys for Plaintiffs
Y.M.I Jeanswear, Inc. and IMY, LLC

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury of all claims triable by jury.

3

4

5    Dated:         November 30, 2016            SNELL & WILMER L.L.P.

6

7                                                By:/s/ Patrick W. Kelly
                                                        Patrick W. Kelly

8                                                Attorneys for Plaintiffs
9                                                Y.M.I Jeanswear, Inc. and IMY, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28